INHABITANTS OF PARKMAN *vs.* JESSE NUTTING.

*Amendment—what is new cause of action.*

Where the earliest item in the account annexed bears the date of January 15, 1864, and the specification in the writ is, that under the count for money had and received, the plaintiffs claim to prove and recover of the defendant the sum of sixteen thousand dollars delivered him on and since the 15th of January, 1864, according to the account annexed,— an amendment so as to enable the plaintiffs to recover sums received since January 1, 1863, is a new cause of action and inadmissible against the objection of the defendant.

In such case, all evidence relating to such an amendment is inadmissible.

ON EXCEPTIONS.

ASSUMPSIT on account annexed, for money had and received and money paid out for defendant's use.

The account was items of cash beginning January 15, 1864, and ending April 29 following. In the specification in the writ, under the count for money had and received, the plaintiffs claim " to prove and recover of said defendant the sum of sixteen thousand dollars, that amount of money delivered him on the 15th of January, A. D. 1864, and since according to account annexed."

The plaintiffs offered to amend by adding:

" Also, for that the said defendant having, from time to time, on and since the first day of January, 1863, to the 15th day of March, 1869, acting in the capacity of agent for the inhabitants of Parkman, as aforesaid, to hire and procure for them soldiers to fill and make up the several quotas of the said town, under the several calls of the President of the United States, to suppress the late rebellion, received into his hands the money and property, orders and scrip of the said inhabitants in their corporate capacity to a large amount, to wit, to the amount of thirty thousand dollars, with which to hire and procure soldiers for the purpose aforesaid. The said defendant then and there promised the plaintiffs, that he would faithfully, diligently, and properly discharge said duty, and expend the funds aforesaid, or so much thereof as might be necessary for the purpose aforesaid, under the laws and regulations of the United States and of the State of Maine, and under the several votes of the town of Parkman in relation thereto, and return the balance thereof, if any, to the said inhabitants,—yet regardless of his said several promises and undertakings, as aforesaid,

" The plaintiffs aver that said defendant has appropriated to his own use large sums of said money, to wit, the sum of five thousand dollars, without the order and direction of the plaintiffs, and without authority of law, and against such authority and direction.

" And plaintiffs further aver that said defendant has misappropriated other large sums of money and property aforesaid, to wit, the sum of three thousand dollars, without the order and direction

of said plaintiffs, and against said orders and directions, and against such authority.

"And plaintiffs further aver that said defendant, during said times, paid out, without authority of plaintiffs, and without authority of law, other large sums of said money and property, to wit, the sum of three thousand dollars, to parties not entitled to the same by any vote of said town or by authority of law; whereby and in consideration thereof the defendant becomes liable, and promised the plaintiffs to pay them the aforesaid sums on demand."

The plaintiffs offered to prove that the defendant from time to time, since the first day of Jauuary, A. D. 1863, up to the 15th day of March, A. D. 1869, acting for the plaintiff town, to hire and procure for them soldiers to fill and make up the several quotas of the said town, under the several calls of the President of the United States to suppress the late rebellion, received into his hands the money orders and scrip and property, all being the property of said plaintiff town, to a large amount, to wit, to the amount of thirty thousand dollars, with which to hire and procure soldiers for the purpose aforesaid. And that the said defendant, in consideration thereof, impliedly promised the plaintiffs that he would faithfully and diligently and properly discharge his duty in relation thereto, and expend the funds aforesaid, or so much thereof as might be necessary for the purposes aforesaid, under the laws and regulations of the United States and of the State of Maine, and under the several votes of the plaintiff town in relation thereto,—and would return the balance thereof, if any, to the plaintiffs, upon demand.

That said defendant, having received the funds as aforesaid, appropriated to his own use large sums of said money and funds, to wit, the sum of five thousand dollars, without the authority of the law, and without the consent of said inhabitants, and against their consent, and against their recorded votes and in violation of the same.

That defendant, during said time, misappropriated other large sums of said money and property, to wit, the sum of three thousand dollars, without the order and direction of said plaintiffs, and

against such order and direction and without the authority of law, and against the authority of law.

That during said times, the defendant, without the authority of plaintiffs and without authority of law, paid out other large sums of said money and property, to parties not entitled thereto by any vote of said town, or by law, and against law.

That E. F. Harvey, town agent of said plaintiff town, duly authorized by the inhabitants of plaintiff town in their corporate capacity,

1. As town agent as aforesaid, and as auditor;

2. By any votes of the town,—copies of which either party may annex;

3. By the authority of the selectmen, and by the acts of the town;

4. By bringing this suit;

5. By subsequent vote of ratification of the bringing of the suit since the date of the writ, on the 1st day of July, 1870, and before the date of this writ made due demand on the said defendant to pay over to him, as agent aforesaid, all said money, property, and balance in his hands and belonging to said town, growing out of the transactions aforesaid. And made the further demand that he, at the same time, should account to him as agent as aforesaid, for misappropriations and unauthorized payments as aforesaid, and that defendant refused to account or pay over any sum whatever.

It was admitted that defendant was one of the selectmen of said town, from March, A. D. 1859, to March, A. D. 1869, and was chairman of the board of selectmen during all that time.

The presiding judge declined to allow the amendment, on the ground that it contained a new cause of action, and was not legally allowable, and excluded the offered evidence ; whereupon the plaintiffs alleged exceptions.

*A. G. Lebroke,* for the plaintiffs.

Under the liberal rules adopted by the courts, guided by the liberal statutes requiring only that the person and case may be understood, the amendment is legal.

It is for no new cause of action, but only a more formal way of setting out the same claim. *Brewer* v. *East Machias*, 27 Maine, 489 ; *Selden* v. *Beale*, 3 Greenl. 178 ; *Ball* v. *Claflin*, 5 Pick. 303 ; *Jenney* v. *Pierce*, 4 Pick. 385 ; *Penobscot Boom Corp.* v. *Baker*, 16 Maine, 439 ; *Young* v. *Garland*, 18 Maine, 409 ; *Russell* v. *Small*, 30 Maine, 30 ; *Knapp* v. *Clark*, 30 Maine, 244.

Every one of the three counts in the writ, as well as the specification in the writ annexed to the counts, claims $16,000, while, al though the amendment alleges that defendant, in the course of the business of hiring soldiers, received $30,000, yet it charges him with only $11,000 in the aggregate, and really only $8,000 as the total of his liability, $5,000 of which he appropriated to his own use, and $3,000 he paid away in an unauthorized manner. This lacks $5,000 or $8,000, of being equal to the sum named in each count of plaintiffs' writ. So instead of enlarging plaintiffs' claim, the amendment really would limit and curtail it. The third count in the writ is for $16,000, without any specification or limitation.

The special count proposed, only covers a claim of $8,000, while the several counts in the writ each cover twice that sum, and the items in the account annexed amount to some $3,000 more than the $8,000, while the count itself covers $16,000. This count is for the same cause of action. Is there any difficulty in " understanding the person and case ? "

A declaration so defective, that it would exhibit no sufficient cause of action, may be amended without introducing any new cause of action. *Pullen* v. *Hutchinson*, 25 Maine, 249.

A declaration, upon an agreement to insure, may be amended so as to declare upon a policy of insurance. *Loring* v. *Proctor*, 26 Maine, 18.

When a count in a writ names any sum, items not to exceed that sum may be supplied. *Butler* v. *Millett*, 47 Maine, 492.

This amendment is clearly within the discretion of the court. *Brewer* v. *East Machias*, 27 Maine, 489. This court has repeatedly declared, that amendments may be allowed at the discretion of the court, when the cause of action can be perceived and under-

stood, although the declaration is defectively and inartificially drawn. *State* v. *Burnham*, 44 Maine, 278 ; *Simpson* v. *Norton*, 45 Maine, 381 ; *Page* v. *Danforth*, 53 Maine, 493.

Courts are liberal in allowing amendments when the person and case can be rightly understood. *Solon* v. *Perry*, 54 Maine, 493 ; *Harvey* v. *Cutts*, 51 Maine, 604.

In a case like this, where there can be no possible doubt, or misunderstanding of the parties, as to what plaintiffs claim to recover, and after so much expense as has already been incurred, why should not the court exercise their discretion in favor of the amendments, if they think them necessary, rather than to drive the parties out of court to commence anew to litigate the same matters, which would, in a new suit, be no better understood than they now are ? "*Interest Republicæ ut sit finis litium.*"

*I. Crosby*, for the defendant.

APPLETON, C. J. The writ in this case contains counts for money had and received, and on an account annexed.

The earliest item, in the account annexed, bears the date of Jan. 15, 1864. The specification in the writ is that under the counts for money had and received, the plaintiffs claimed "to prove and recover of said defendant the sum of sixteen thousand dollars, that amount of money delivered him on the 15th Jan., 1864, and since according to the account annexed."

The plaintiffs propose to amend so as to enable them to recover amounts received since Jan. 1, 1863. This is manifestly introducing a new cause of action. Under the writ as originally drawn, the defendant could not be held to account for sums received between Jan. 1, 1863, and Jan. 15, 1864. By the amendment he would be liable to account for all such sums. While the utmost liberality is allowed in the matter of amendments, the authorities are uniform that no new cause of action shall be introduced against the protestations of the defendant. The cause of action, as originally stated, was clearly and distinctly set forth. There was no

defect to be amended.   The proposed amendment is not the correction of a defect in pleading, but the addition of a cause of action not set forth in the original declaration.

The ruling, denying the amendment, was in accordance with the well-settled rules of law.

So far as the evidence offered relates to the proposed amendment, it was properly excluded.

CUTTING, KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.