WILLIAM C. CROSBY *vs.* ERASTUS REDMAN & another.

Penobscot.    Opinion June 7, 1879.

*Lien.    Statute of frauds.*

The plaintiff, in writing, permitted certain persons to cut and remove from his lands certain timber and bark, expressly retaining full and complete owner-ship and control of the same until the sum due for the stumpage, and any paper which may be given for it, should be paid. The stumpage not being paid according to the tenor of the permit, a negotiable note was given there-for, and a receipt given by the general owner wherein is expressly retained "his lien on the lumber as expressed in the permit:" *Held,* that the note did not discharge the lien.

Nor did the transaction constitute a bargain or delivery of personal property within the provisions of R. S., c. 111, § 5.

ON FACTS found by a referee, with agreement that the law court may order such judgment as may be proper upon the facts thus found.

TROVER for certain logs and lumber manufactured therefrom. Writ dated October 18, 1877. The facts fully appear in the opinion.

*W. C. Crosby, pro se.*

*W. H. McCrillis & J. B. Redman,* for the defendants, con-tended that the permit was an agreement by which the plaintiff sold, and Penny & Davis bought, personal property. The trees were a part of the realty, but, when severed from the land, vested in Penny & Davis.

The plaintiff had no seller's lien for the price. Penny & Davis bestowed their labor upon the chattels and changed the property of the plaintiff from trees into logs and bark, and therefore plaintiff had no seller's lien for the price. *Douglass* v. *Shum-nay,* 13 Gray, 502. Notably, *Sillsbury* v. *McCoon,* 3 Coms. 380.

The plaintiff had, however, retained, by express stipulation in the permit, ownership of the lumber, until the stumpage (price) was paid, and until any note given for the price was paid.

That what the plaintiff in this receipt, etc., to Penny & Davis calls "my lien" appears, on reference to the permit, to be plain-tiff's ownership of the lumber.

This ownership of the lumber is the plaintiff's title, upon which he claims that the defendants converted his lumber to their use.

The plaintiff cannot in face of the written agreement or permit, the receipt and settlement, and the note, deny that he bargained and sold the lumber, and took a note for it, with an agreement that the lumber should remain his property until the note was paid. Neither the transaction, nor the facts as reported by the referee, admit of any other interpretation.

The agreement that the lumber was to remain the property of the plaintiff until the note was paid was not made and signed as a part of the note, nor was the note recorded like mortgages of personal property, and hence by the statute of frauds, R. S., c. 111, § 5, the agreement that the property should remain plaintiff's until the note was paid, was void.

Therefore the plaintiff had no property in the lumber at the time of the alleged conversion by the defendants. *Boynton* v. *Libbey,* 62 Maine, 254.

APPLETON, C. J. On March 24, 1876, the plaintiff gave a permit to Joseph Penny, 2nd, and D. W. Davis " to cut and remove hemlock bark and logs, and spruce timber suitable for logs," from his land, reserving and retaining " full and complete ownership and control of all lumber which shall be cut and removed, . . wherever and however it may be situated, until all matters and things appertaining to or connected with this license shall be settled and adjusted, and the sum or sums due, or to become due, for the stumpage shall be fully paid, and any paper which may be given for it paid," etc.

The stumpage not being paid according to the tenor of the permit, a note was given for the amount due. At the same time the plaintiff gave the following receipt :

| | "Bangor, June 1, 1877. |
|---|---|
| Messrs. Penny & Davis to W. C. Crosby, | Dr. |
| " Stumpage of 921 spruce logs, 85,115 ft., cut by A. K. Hellier, on land in Clifton, under permit to you, $2.75 per M., | $234.07 |
| " Stumpage 27 pine logs, 3,400 ft., cut under permit to A. K. Hellier and Jos. Penny, 2nd, | 10.20 |
| | $244.27 |
| " Interest for three months and grace, | 3.79 |
| | $248.06 |

"Settled by note of A. K. Hellier, with Joseph Penny, 2nd, and D. W. Davis sureties, payable in three months, at bank in Bangor, I retaining my lien on lumber as provided in permit. W. C. Crosby."

The note given for stumpage was not paid at maturity, and the question presented for determination is whether the plaintiff by taking it has discharged his lien on the lumber cut.

It has been settled in Massachusetts by a uniform series of decisions from *Thacher* v. *Dinsmore*, 5 Mass. 299, to *Lord* v. *Bigelow*, 124 Mass. 185, that a negotiable note, given to a creditor for the amount of a pre-existing contract, is *prima facie* to be deemed a payment or satisfaction of the debt. This presumption, however, may be rebutted and controlled by evidence that such was not the intention of the parties. In many of the states the taking of a promissory note is not to be regarded as payment, unless by special agreement to that effect. *Clark* v. *Draper*, 19 N. H. 423. In this state we have uniformly adhered to the rule adopted in Massachusetts. The acceptance of negotiable paper for a debt, and giving a receipt in discharge thereof, are an extinguishment of the original liability, unless it appears that the parties did not so intend. *Milliken* v. *Whitehouse*, 49 Maine, 527, *Ward* v. *Bourne*, 56 Maine, 161. *Paine* v. *Dwinel*, 53 Maine, 52.

The evidence is conclusive that the plaintiff did not take the note in suit in absolute payment of his stumpage. By the terms of the permit the lien for stumpage was to remain until any paper given for it should be paid. The receipt, too, which was given for the note unmistakably shows by the most express language that the plaintiff intended to retain his lien "as provided in permit." In such case the lien remains in full force, the notes being only payment conditionally. As remarked by Peters, J., in *Prentiss* v. *Garland*, 67 Maine, 345, "the notes were received to be a discharge of the lien when paid. If the notes had been paid, the stumpage would have been paid. Whenever the notes are paid the lien is gone." So here the lien continues in accordance with the terms of the permit as security for the note equally as for the stumpage before it was given.

Here is no bargain nor delivery of personal property within R. S., c. 111, § 5. There is only an agreement to discharge a lien upon certain property upon a condition thereafter to be performed. The principal value of the logs arose from the labor of the permittees. The right to cut and remove on certain conditions had been acquired from the owner of the real estate. There has been no subsequent sale. The note was not given for the purchase of logs, for none were then purchased. It was given to discharge a lien which the plaintiff had a right to impose, but it was given on condition, and the condition not having been performed, the original lien remains in full force.

*Judgment for plaintiff.*

DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.