EDWARD C. MORRIS and another *vs.* GEORGE A. LYNDE.

Knox.    Opinion December 20, 1881.

*Conditional sale.    R. S., c. 111, § 5.*

The defendant gave the plaintiffs an order, in these words: "Rockland, October 22, 1873. Messrs. Morris and Ireland, Boston. Please ship to Lynde Hotel, one fire proof safe, with patent inside bolt arrangement, size, No. 21, for which I agree to pay two hundred and sixty-three dollars, payable May 1st, 1874. George A. Lynde. The same remaining the property of Morris and Ireland, till payment."

*Held,* that this was not a note for the payment of the safe, which was thereupon furnished, within the meaning of R. S., c. 111, § 5,* and that the safe remained the property of Morris and Ireland, until paid for.

ON REPORT.

Replevin of one fire proof safe, with patent inside bolt arrangement, size No. 21, Morris and Ireland manufacture, of the value of two hundred and fifty dollars.

Writ dated March 1, 1877.

---

*The following is the language of the statute: "SECTION 5. No agreement that personal property bargained and delivered to another, for which a note is given, shall remain the property of the payee till the note is paid, is valid, unless it is made and signed as a part of the note; nor when it is so made and signed in a note for more than thirty dollars, unless it is recorded like mortgages of personal property, and on receipt of twenty-five cents each, town clerks shall record such notes in a book kept for that purpose."

Plea, *non cepit*, and a brief statement, alleging title at the date of the writ, in one Jeremiah Furbush.

The opinion states the facts.

The following is a copy of the order referred to in the opinion :

"Rockland, October 22, 1873.

Messrs. Morris and Ireland, Boston.

Please ship to Lynde Hotel, one fire proof safe, with patent inside bolt arrangement, size No. 21, for which I agree to pay two hundred and sixty-three dollars, payable May 1st, 1874.

George A. Lynde."

" The same remaining the property of Morris and Ireland, till payment."

Indorsement : " Safe to be finished extra nice, with plain border."

*Rice and Hall*, for the plaintiffs.

*J. E. Hanley*, for the defendant.

SYMONDS, J.   The evidence shows a conditional sale in the fall of 1873, by the plaintiffs to the defendant, of the safe which was replevied in March, 1877, from the defendant's possession.   By the terms of the sale, the safe was to remain the plaintiffs' property, till the price was paid.   No part of the payment has ever been made.

The defendant justifies his possession under the title of one Jeremiah Furbush, to whom the safe was mortgaged by the defendant himself, in December, 1875 ; claiming that the record of the order which he gave to the plaintiffs for the safe, in which was contained the stipulation that the safe was to remain their property till payment, was so defective as to be a nullity, and thereby his mortgage to Furbush gained precedence.

Except so far as some statute might require it, there was no need either of writing or of record, to enable the plaintiffs to retain the title to their own property, till the event occurred which they had made a condition precedent to their parting with title, namely, till the price was paid.   The title could pass to the defendant *in presenti*, or *in futuro*, only by the consent of the

plaintiffs; in accordance with their agreement. The plaintiffs agreed that the title should vest in the defendant, when he paid the price. This he has never done. The safe has always remained the plaintiffs' property, as if they had never parted with the possession, and as against Lynde and all persons claiming under him, unless some statute controls the contract, and changes the relations of the parties. By R. S., c. 111, § 5, the rule is changed in this respect in cases of sales of goods for which a note is given.

"No agreement that personal property bargained and delivered to another, for which a note is given, shall remain the property of the payee till the note is paid, is valid, unless it is made and signed as a part of the note, nor when it is so made and signed, in a note for more than thirty dollars, unless it is recorded. . ."

The amendments of this section (1872, c. 71 ; 1874, c. 181,) are not material on this point. They both recognize this same limitation. They apply only to cases in which a note has been given for goods sold. This § 5, therefore, contains the only statutory restriction, applicable to this case, upon the principles of law already. stated in regard to conditional sales of personal property. If the case is not within the provisions of that section, a record was not required to enable the plaintiffs to hold the title to their own property till their agreement to part with it took effect according to its terms.

It is to be observed that the note mentioned in this section, is one given for personal property bargained and delivered ; that is to say, given in payment of the price. It is not the "memorandum or note" of a contract referred to in the first section of the same chapter. An order upon the plaintiffs, asking them to ship a safe (described) and agreeing to pay a certain price for it on a day stated, is not a note given for personal property bargained and delivered. · It is an order for goods, describing them and specifying terms of payment. We think a business man, holding such a preliminary order as this, for the subsequent delivery of goods, might well understand that it was not a note given in payment of the price of an article actually sold and delivered, and therefore not a paper requiring record under the statute. The plaintiffs were manufacturers of safes, the order was not filled for

five weeks after it was given; and one of the plaintiffs on cross examination, states his understanding that no note was given in payment for the safe. We think it is true, legally, that there was none within the meaning of § 5.

The statute for some reason has limited the requirement of record to conditional sales, in which a note has been given for the price of the thing sold; and this is not that case.

*Judgment for the plaintiffs.*
*Damages assessed at $1.00.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.