Brady, J.[Dissenting.]
The learned justice in the court below came to the conclusion that the legal rules applicable to the transactions between the different parties were enunciated in Hintermister v. Lane (27 Hun, 497) and the recent decision of the court of appeals in Comer v. Cunningham (77 N. Y. 391) and the cases cited in the opinion of the court in that case; and his judgment rests upon the proposition necessarily that this was a sale and purchase and not a bailment of personal property with the privilege to the bailee to purchase. It cannot be distinguished from the case of Hintermister v. Lane {above), in which a Swiss organ was leased, to be paid for by notes, the payment of which, at maturity, was to be a receipt in full against the instrument; and upon the further proposition enunciated as evolved from an examination of the cases in Comer v. Cunningham {above), that where there is a sale and delivery, though the delivery between the parties is conditional, a bona fide purchaser from the vendee obtains a good title.
It will have been observed, that there was no arrangement between the original parties for the sale and purchase of the apparatus, that the vendee or lessee should pay anything for the use of it. In Austin v. Dye (46 N. Y. 500) the principle of the decision, which seems to be in conflict with the views herein stated and those of Judge Lawrence,- was that one having possession of personal property as bailee, with an executory and conditional agreement for its purchase, the condition not having been performed, could give no title to a purchaser, although the latter acted in good faith and parted with value without notice of a want of title. But, as said in Comer v. Cunningham {above), in that case the vendee was to pay hire for the oxen until he should pay a specified sum in a specified manner in lumber, and then he was to become the owner. In this case it will have been observed, also, *394 that the greater part of the sum agreed upon for the apparatus was paid, indeed, nearly half of it at the time the contract was executed.
It is not necessary to examine any of the exceptions, for the reason that the judgment herein was pronounced upon the abstract proposition that there was a salé and delivery of the property under circumstances such as to shield an innocent purchaser without notice from any claim that might be asserted oñ' the part of the.plaintiff. The views of Justice Lawrence are adopted, and the judgment appealed from is affirmed, with costs.
Judgment reversed; new trial ordered. Costs to abide, the event.
Note.—Aside from statutory enactments, the rule is well settled in most of the States that a contract of sale of personal property accompanied by immediate delivery to the buyer, but. providing that the title shall not pass until certain conditions are performed, such as full payment of the price, does not enable the buyer to confer title before payment upon even a bona fide purchaser for value. Ballard v. Burgett, 40 N. Y. 314 ; Coggill v. Hartford, etc. R. R. Co., 3 Gray (Mass.) 545; Boon v. Moss, 70 N. Y. 465; Nash v. Weaver, 23 Hun, 513; Loomis v. Martin, 10 Weekly Big. 18; Wood v. Barr, 9 Id. 411; Austin v. Dye, 46 N. Y. 500; Powell v. Preston, 1 Hun, 513;Fitzgerald v. Fuller, 19 Hun, 180; Cole v. Berry, 13Vroom (N. J.) 308; S. C., 36 Am. R. 511; Singer M’f’g Co. v. Graham, 8 Oreg. 17; S. C., 34 Am. R. 572, 575; Schouler's Pers. Prop. § 294 et seq. But the contrary is held in some States. Stadtfeld v. Huntsman, 92 Penn. St. 53; and that the property may be seized on execution by creditors of the buyer. Brunswick, &c. Co. v. Hoover, 95 Penn. St. 508.
That such contracts of sale are not within the statutes .requiring chattel mortgages, or any instrument intended to operate as such, to be filed, to be good against subsequent purchasers, &c., was decided in Rogers Locomotive Works v. Lewis, 4 Dill. Cir. Ct. 158; the court saying : “It may be that the registry laws, if wisely framed, ought
to extend to such a case as this, and to require the seller to place the evidence of his rights on record, and accordingly we find that some of the States have recently passed enactments of the character suggested.”
In this State, by L. 1884, c. 315, § 1, it is provided as follows; *395 “In every contract for the conditional sale of goods and chattels, hereafter made, which shall be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things contracted to be sold, all conditions and reservations which provide that the ownership of such goods and chattels is to remain in the person so contracting to sell the same, or other person than the one so contracting to buy them, until said goods or chattels are paid for, or until the occurring of any future event or contingency, shall be absolutely void as against subsequent purchasers and mortgagees in good faith, and as to them the sale shall be deemed absolute, unless such contract for sale with such conditions and reservations therein, or a true copy thereof shall be filed as directed in the succeeding section of this act.” The remaining sections provide as to the place of filing, refiling, discharge, &c. as in the case of chattel mortgages.
This statute has not yet been the subject of any reported decision. It was doubtless intended to place the title reserved to the seller in a contract of conditional sale of chattels upon the same footing as that of a mortgagee of chattels.
The few reported decisions upon similar statutes in other States construe such enactments strictly, and hold them applicable only to cases clearly within the letter of the act.
Under the Wisconsin statute (Rep. St. 1878, § 2317),—“provid-ing that no contract for the sale of personal property, by the terms of which the title is to remain in the vendor and the possession thereof in the vendee, until the purchase price is paid or other conditions of sale are complied with, shall be valid as against any other person than the parties thereto and those having notice thereof, unless such contract shall be in writing subscribed by the parties, and the same or a copy thereof shall be filed," &c.,—it was doubted whether a contract like that in the case in the text, purporting to be a lease with a right to purchase, was within the act. Kimball v. Post, 44 Wis. 471. The statute must be construed as designed to protect creditors of the vendee, or persons claiming title to or interest in the property from Mm, where the contract is not filed, and it does not protect mere trespassers. Kimball v. Post (above)-, Bunny. Valley Lumber Co., 51 Wis. 376. If the contract is not filed, the property affected by it in possession of the buyer is liable to seizure as his property. Williams v. Porter, 41 Wis. 422.
The Nebraska statute (Comp. Stat. 1881, c. 32, p„ 290, § 26) expressly covers the case of a lease like that in the text, as it provides that “ no sale, contract or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any purchaser or judgment creditor of the vendee *396 or lessee in actual possession, obtained in pursuance of such sale, contract or lease without notice, unless the same be in writing, signed by the vendee or lessee, and a copy thereof filed,” with an affidavit setting forth “ the full and time interest of the vendee or lessor therein.”
By the Minnesota statute (L. 1873, c. 65, § 1 [Glen. Stat. § 39, p. 531, § 15] ) it is provided “every note of hand, or other evidence of indebtedness, or contract, the conditions of which are that the title or ownership to the property for which said note or other evidence of indebtedness, or contract is given, remains in the vendor, shall be absolutely void as against the creditors of the vendee, and as against subsequent purchasers and mortgagees in good faith, unless the note, or other evidence of indebtedness, or contract, or true copies thereof, or if said contract be oral, then a memorandum expressing the terms and conditions thereof, be filed as, hereinafter provided.”
The North Carolina Code, §1375 (L. 1888, c. 343) provides: “All conditional sales of personal property in which the title is retained by the bargainor, shall be reduced to writing and.registered in the same manner, for the same fees and with the same legal effect as is provided for chattel mortgages.”
The Maine statute (Rev. Stat. of 1883, c. Ill, § 5 ; L. 1874, c. 181) provides: “No agreement that personal property bargained and delivered to another, for which a note is given, shall remain the property of the payee until the note is paid, is valid, unless it is made and signed as a part of the note; and no such agreement, although so made and signed in a note for more than thirty dollars, is valid, except as between the original parties to said agreement, unless it is recorded like mortgages of personal property.” This act applies only where a note' is given, and hence, the buyer’s order directing the seller to ship the chattel bought, “ for which I agree to pay” a certain sum at a specified time, “ the same remaining the property of the sellers, till payment,” is not within the statute, as it is not a note for the payment of the chattel, and though not recorded the seller may reclaim the property from a purchaser of the buyer before he had acquired title by payment of the price. Morris v. Lynde, 73 Me. 88.
Where the plaintiff gave a written permit to cut logs from his land, reserving and retaining “full and complete ownership and control of all lumber, which shall be cut and removed,” until sums due for the stumpage should be fully paid, it was held, that this was not a conditional sale of the logs within the statute. Crosby v. Redman, 70 Me. 56,