BOSCHO, INC.

*vs.*

LILLIAN M. KNOWLES

York.    Opinion, August 4, 1951.

*Gendron, Fenderson & McDougal,* for plaintiff.
*F. Roger Miller,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.   This is an action by a vendor against a town clerk to recover damages resulting from the negligent failure to indicate the signature of the buyer on the record of a conditional sale contract.   The case is before us on ex-

ceptions to the refusal to direct a verdict for the defendant and to the direction of a verdict for the plaintiff on the issue of liability. No objection is raised to the basis or amount of damages assessed by the jury, in the event liability is established.

The argument of the plaintiff in substance is that (1) the validity of the contract, except as between the original parties, depended upon recording under the provisions of R. S., Chap. 106, Sec. 8; (2) the record made by the town clerk was insufficient and void; (3) the reserved title of the seller was lost upon a sale of the machinery covered by the contract by the buyer to a third party; and (4) the town clerk is liable to the seller for the mistake in recording.

It is apparent that, unless the recording statute was applicable to the conditional sale contract in question, a mistake in recording could not have affected the seller's rights under the contract. In other words, the plaintiff must show that our statute required the recording of the contract to establish its validity against a third party. Not until the case is brought within the statute does it become necessary to consider either the sufficiency of the record or the liability of the town clerk for error.

Both parties assumed at the trial and before us that the statute was applicable. With this assumption we are unable to agree.

The controlling facts about which there is no dispute may be briefly stated. In Medford, Massachusetts at its home office on July 21, 1948, the plaintiff, a Massachusetts corporation, sold and delivered certain machinery to the buyer, a resident of South Berwick, Maine, under a conditional sale contract. The contract was prepared in duplicate by the seller at its home office, upon a printed form with necessary details typewritten. In form it was an order from the buyer, dated at South Berwick, directed to the seller at Med-

ford, to ship the machinery "delivered F.O.B. Medford via our truck to William Lambert . . . to be used in the . . . building situated at . . . in South Berwick, Maine." Among the agreements were provisions for (1) the retention of title by the seller until payment of the stated balance of the purchase price in monthly payments, (2) repossession and sale on default, and (3) re-delivery "to the seller, F.O.B. original shipping point" in event of rejection of the property by the buyer. In the absence of a stated place for payment, the instalments were payable to the seller in Medford. The order was "subject to approval by seller at home office," and it was there signed by the buyer and approved and accepted by the seller. To this point every act—the preparation and execution of the contract and the delivery of the machinery — took place in Massachusetts.

The machinery was removed to South Berwick, as was contemplated by the parties. Some months later it was sold to a third party by the buyer. The original contract with a copy thereof was sent by the seller to the town clerk to be recorded, and was received by her on July 22, 1948. The copy was placed in the record book and forms the record of the original. The error of which the seller complains may be illustrated as follows:

| Original Contract: | Buyer | William Lambert | (typewrit |
| | By | **WILLIAM LAMBERT** | (signatur |

| Record of Town Clerk: | Buyer | William Lambert | (typewrit |
| | | (carbon copy of original) | |
| | By | | |

The words "Buyer" and "By" in both original and copy are printed.

There are other differences between the original contract and the copy to which no objection is made. The copy does not show that (1) the original was signed by the seller's manager, (2) the signatures of the parties were witnessed, and (3) the acknowledgments of the buyer and the seller's manager were taken before a Massachusetts notary public. In brief, the copy in the record is a carbon copy of the original prepared on a typewriter upon a printed form, and does not include words appearing on the original written in hand or stamped thereon to indicate the expiration of the notary's commission.

Does our recording statute apply to a conditional sale contract between a Massachusetts seller and a Maine buyer, made in Massachusetts where the property was then situated and delivered to the buyer, when it was contemplated the property would be removed to and used in Maine?

Our recording statute, R. S., Chap. 106, Sec. 8, reads in part as follows:

> "No agreement, that personal property bargained and delivered to another shall remain the property of the seller till paid for, is valid unless the same is in writing and signed by the person to be bound thereby; and when so made and signed, . . . it shall not be valid, except as between the original parties thereto, unless it is recorded in the office of the clerk of the city, town or plantation organized for any purpose, in which the purchaser resides at the time of the purchase. . . ."

In our view the statute applies to conditional sales in Maine, and does not reach the conditional sale here in question. The fact that the property was brought to Maine, as it was contemplated by the parties, does not bring the contract within the statute.

For our purposes, although it will be seen it is not essential for decision, we will assume that the retention of title by the seller was effective under Massachusetts law. At

common law, the conditional sale would have been valid against all persons. It is our statute, and not the common law, which denies validity, except as between the original parties, unless the agreement is recorded. *Tibbetts* v. *Towle*, 12 Me. 341; *Morris* v. *Lynde*, 73 Me. 88; *Beal* v. *Universal C. I. T. Credit Corporation*, 146 Me. 437. The law of Massachusetts has not been called to our attention, and we may properly consider it to be like our common law. *Franklin Motor Car Co.* v. *Hamilton*, 113 Me. 63; *Strout* v. *Burgess*, 144 Me. 263, 68 A. (2nd) 241, at 250.

*The Restatement of the Law, Conflict of Laws,* reads: "Sec. 272. Whether a conditional sale is effective to enable the vendor to retain title is determined by the law of the state where the chattel is at the time of the sale." "Sec. 276. If, after a valid conditional sale, a chattel is taken into another state with the consent of the vendor, any dealings with the chattel in the second state may create new interests in the chattel if the law of that state so provides." "Sec. 278. If after a valid conditional sale a chattel is taken into another state with the consent of the vendor, whether the interest of the vendor is divested by a sale to a purchaser for value in the second state is determined by the law of the latter state."

The recording of conditional sale agreements, in a limited form, was first required by P. L., 1870, Chap. 143; and in R. S., 1871, Chap. 111, Sec. 5, we find the words, "No agreement that personal property bargained and delivered to another, for which a note is given, shall remain the property of the payee till the note is paid, is valid, unless it is made and signed as a part of the note; nor when it is so made and signed in a note for more than thirty dollars, unless it is recorded like mortgages of personal property,". The statute was broadened to substantially its present form in P. L., 1895, Chap. 32.

The view that the recording statute does not apply to a situation such as the present case was first expressed by our

court in 1871 in *Drew* v. *Smith,* 59 Me. 393, in an action by a conditional vendor against an attaching creditor of the vendee. The agreement, in form a Holmes note, was made in Vermont between a Vermont seller and a Maine buyer. The property was delivered in Vermont and the note was there payable. It is clear from the terms of the note and other facts in the reported case that the parties understood the property would be removed to and used in Maine. The court held the validity of the agreement was determined by Vermont law. The court said, at page 394, "By our statute, as it now stands, R. S., 1871, Chap. 111, Sec. 5, such a contract is invalid between the parties, as well as others, unless recorded. This statute was passed subsequent to the date of the contract, and does not in terms apply to it; nor can it by well-settled principles affect contracts made in other states, the validity, force and effect of such depending upon the laws of the place where made."

The last clause of the quotation was not necessary for decision of the case. It is entitled to great weight, however, as a considered statement of the meaning and intent of the statute made but a short time after its enactment.

In *Emerson Co.* v. *Proctor,* 97 Me. 360, decided in 1903, the proposal of a Maryland seller was accepted by the buyer in Maine. It was held a Maine contract and, not being recorded in accordance with our laws, the seller did not show title against a purchaser from an assignee of the buyer. The opinion shows that the goods were in fact shipped to Maine consigned to the seller, and here delivered to the buyer.

The application of the recording statute was not discussed, but was necessarily in question in *Franklin Motor Car Co.* v. *Hamilton,* 113 Me. 63, on facts strikingly like the present case. From the opinion and an examination of the record it appears that an automobile was sold and delivered in Massachusetts by a Massachusetts seller to a Maine buyer

under a conditional sale contract made and executed in Massachusetts and not recorded in Maine. The automobile was removed to Maine with the consent of the seller. From an examination of the original contract in the case, we find that the buyer "agrees not to change the location of the place where the property is to be stored and cared for at 302 Elm Street, Biddefore, Maine without the consent of the (seller)." Notes evidencing the balance of the purchase price were payable at a Boston bank.

The conditional vendor prevailed in replevin against an attaching creditor of the vendee. The court said, on page 64, "But the contract in question is admittedly a Massachusetts contract, made in Massachusetts, and to be construed in accordance with the laws of that State." In the absence of evidence of the Massachusetts law, our court held under common law there was no right to redeem, and refused to apply our statutory right of redemption. Had our recording statute been applicable, the court necessarily would have determined that the contract, not having been recorded in Maine, was not valid against an attaching creditor of the vendee. *Maine Acceptance Corp.* v. *Sheehan,* 129 Me. 485; *Tardiff* v. *M-A-C Plan of NE,* 144 Me. 208, 67 A. (2nd) 337.

*Gross* v. *Jordan,* 83 Me. 380, does not involve the applicability of the then recording statute, but illustrates the law governing a conditional sale. The contract between a Massachusetts seller and a Maine buyer was made in Massachusetts and the goods were there delivered. It is apparent that the property was removed to and used in Maine with the consent of the vendor. No restriction, however, upon the location of the property appears in the agreement. The court held the contract was to be interpreted according to the laws of Massachusetts, and on proof thereof a Massachusetts statute permitting redemption was held applicable.

We are aware that the weight of authority is against the

view we have expressed. In 3 *Jones, Chattel Mortgages and Conditional Sales,* 6th Ed., Sec. 1160, we find:

> "*Influence of recording statutes — Where removal of chattels to second state contemplated.* Where it is agreed in a contract of conditional sale, or understood by the parties, that the chattels are to be taken to a state other than that in which the contract is made, such a feature of the agreement is strong evidence that the parties contracted with reference to the laws of the second state, and a majority of the courts consider that questions relating to recording requirements, if any, are to be settled according to the laws of that state. This is true whether it be a fact that actual delivery was made in the latter jurisdiction, or the removal occurred after the delivery had been completed in the first state. Though removal of the chattels to another state than that of the loci contractus may not have been agreed to or contemplated at the time the sale was made and the delivery took place, if the seller thereafter consent that they may be taken to another jurisdiction where they acquire a new situs, it is but logical that such consent should be accorded the same effect as an original understanding in that behalf, and that the local recording laws should be enforced as to creditors of, or purchasers from, the conditional vendee."

The problem, however, is one of statutory construction, and the cases decided by our court show distinctly that our recording statute is not to be extended to cover a conditional sale under the conditions here described. Without question the legislature may require the recording of such agreements to protect the interest of the vendor. Under the Uniform Conditional Sales Act, for example, there is provision for filing "in ........ in which the goods are first kept for use by the buyer after the sale;" and there are also provisions for refiling upon removal from the state. 3 *Jones, supra,* Sec. 1435.

Discussion of the principles may be found in 2 *Beale, The Conflict of Laws* (1935), Sec. 272.1 et seq.; 3 *Jones, supra,*

Sec. 1147 et seq., 1160; 2 *Williston on Sales,* Revised Ed. (1948), Sec. 339. See also 55 C. J. 1208-09, 1264-65; 11 Am. Jur. 362 et seq.; 47 Am. Jur. 129; Annotations in 25 A. L. R. 1153, 57 A. L. R. 535; 87 A. L. R. 1308, 148 A. L. R. 375, Note in 41 Harvard L. R. 779.

Whether the contract was valid or invalid under Massachusetts law is immaterial. In either event the recording in Maine was a useless act, and no loss could come to the seller from a mistake in the town records. The seller's rights under the conditional sale, whatever they may have been, were not impaired by the act of the town clerk.

In this view of the case it becomes unnecessary to consider either the sufficiency of the record or the liability of the town clerk to the seller arising from the error charged.

The entry will be

> *Exceptions to refusal to direct a verdict for defendant sustained.*
>
> *Exceptions to direction of verdict for plaintiff on issue of liability sustained.*