**Lee KATZ, Plaintiff,**

v.

**GORDON JOHNSON COMPANY, Defendant.**

Civ. A. No. 5–16.

United States District Court
D. Maine, S. D.

March 19, 1958.

As Amended March 26, 1958.

Irving Isaacson, Lewiston, Me., for plaintiff.

William B. Mahoney, Portland, Me., for defendant.

GIGNOUX, District Judge.

This matter comes before the Court upon defendant's motion to strike from the complaint all allegations with respect to special and consequential damages on the ground that such allegations are immaterial because plaintiff is not entitled to recover such damages in this action. Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A.

The principal action was brought by a New York resident against a Missouri corporation by writ of foreign attachment or trustee process dated August 9, 1956, returnable to the October, 1956, Term of the Superior Court, Cumberland County, Maine. The cause was properly removed to this Court on October 3, 1956. 28 U.S.C.A. §§ 1441, 1446; Rule 81(c), Federal Rules of Civil Procedure.

The complaint alleges that at all times material thereto plaintiff was engaged in the business of processing live poultry on a kosher basis at his processing plant at Clinton Corners, New York; that at all such times defendant was engaged in the business of manufacturing and selling machinery used in the processing of live poultry; that prior to August 15, 1955, plaintiff was induced to purchase poultry-processing machinery manufactured by defendant, relying upon defendant's warranty and the false and fraudulent representations of defendant's agents that such machinery was suitable for the processing of poultry on a kosher basis; that, relying upon defendant's warranty and the representations of defendant's agents, plaintiff signed an order for the machinery, dated June 16, 1955, subject to final acceptance at defendant's home office in Kansas City, Missouri; that plaintiff's order was accepted by defendant at Kansas City, Missouri, and the machinery was shipped by truck to plaintiff in New York on August 5, 1955, and invoiced to plaintiff on August 8, 1955; and that on August 15, 1955, plaintiff executed a conditional sale contract, which was subsequently accepted by defendant. The complaint further alleges that upon installation of the machinery in plaintiff's processing plant it was found to be wholly unfit for the processing of poultry on a kosher basis; that as soon as plaintiff learned of the unfitness of the machinery for the purpose for which it was bought, he offered to return it to defendant; that defendant accepted plaintiff's offer to return the machinery; and that the machinery was subsequently redelivered to defendant. The complaint seeks as damages the sum of $1,818.93 paid by plaintiff in part payment of the purchase price of the machinery; the sum of $10,826.01 expended by plaintiff in adapting his plant for the installation of defendant's machinery; the sum of $6,000 representing loss suffered by plaintiff from the mutilation of poultry processed by defendant's machinery; and the sum of $30,000 for loss of customers' good will and prestige. Defendant's motion to strike is directed to the allegations with respect to the special and consequential damages suffered by plaintiff, in excess of $1,818.93, on the ground, as previously indicated, that such damages are not recoverable in this action.

For the purposes of this motion the parties have stipulated that the order dated June 16, 1955, was executed by plaintiff in New York and accepted by defendant, in accordance with its terms, at Kansas City, Missouri. The parties have further stipulated that the conditional sales contract was signed by the plaintiff in New York on August 12, 1955, received at Kansas City on August 15, 1955 and there signed by Ralph Zebath, Vice President of the defendant.

The basic question presented by the instant motion is whether, upon the facts as pleaded in the complaint, plaintiff is entitled to recover special and consequential damages suffered by him as a result of either the alleged breach of warranty or the alleged fraudulent representations of defendant's agents. As the following analysis will indicate, there is a conflict in this respect between

the law of Maine and Missouri, and the law of New York.

There seems to be no question that under Maine law, where the seller of personal property has been guilty of fraud, the purchaser, upon discovery of the fraud, may elect one of two remedies. He may rescind the sale, return the property and sue the seller for recovery of the purchase price; or he may keep the property and without rescission sue the seller in tort for deceit. He is not, however, privileged to choose both remedies, which are regarded as wholly inconsistent, the one being a disaffirmance, and the other being an affirmance, of the contract. Shine v. Dodge, 1931, 130 Me. 440, 157 A. 318. And under the provisions of the Uniform Sales Act, the purchaser of personal property has a similar election where there has been a breach of warranty. He may rescind the contract of sale, return the property and recover back the purchase price; or he may retain the property and sue on the warranty for damages. Me.Rev.Stat., c. 185, § 69 (1954). These remedies have also been held by the Maine court to be inconsistent one with the other. Powers v. Rosenbloom, 1948, 143 Me. 361, 62 A.2d 531. Thus, since plaintiff has elected to rescind the contract of sale and to return the machinery to defendant, under the law of Maine he would not be entitled to recover the special and consequential damages alleged by him in his complaint, whether resulting from fraud or breach of warranty.

This Court is further satisfied that the law of Missouri is the same as the law of Maine and would also deny plaintiff recovery of the special and consequential damages claimed by him, whether based upon a breach of warranty by defendant or fraudulent representations by defendant's agents. King v. Guy, Mo.App.1957, 297 S.W.2d 617, 623; Aeolian Co. of Missouri v. Boyd, Mo.App.1933, 65 S.W.2d 111, 113; Pfeiffer v. Independent Plumbing & Heating Supply Co., Mo.App.1934, 72 S.W.2d 138, 143.[1]

The law of New York, on the other hand, allows recovery of special or consequential damages in actions where suit is brought after rescission of a contract of sale for damages resulting from defendant's fraud. Waldman Produce, Inc., v. Frigidaire Corp., 1935, 157 Misc. 438, 284 N.Y.S. 167. And under the provisions of the New York Personal Property Law, the purchaser of personal property, where there has been a breach of warranty, may rescind the contract, return the property, recover back the purchase price and also recover any additional damages suffered by him to the extent they are not compensated by recovery of the purchase price. N.Y.Consol.Laws, c. 41, § 150, as amended by c. 276 of the Laws of 1948 and as interpreted in Victor v. DeMaziroff, 1949, 275 App.Div. 69, 87 N.Y.S.2d 543, affirmed, 1950, 300 N.Y. 686, 91 N.E.2d 586. Under New York law, therefore, plaintiff would be entitled to recover the special and consequential damages sought by him in the instant case.

Because under the circumstances of this case the law of Maine and Missouri would not allow plaintiff to recover the special damages sought by him and the law of New York would permit plaintiff to recover such damages, this Court is, therefore, presented with the conflict of laws question as to the substantive law of which state is applicable to this case and must determine the elements of damages recoverable by plaintiff in this action.

Under the doctrine of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, a federal court, in diversity of citizenship cases, must follow the conflict of laws rule that would be applied by the courts of the

1. The case of Schroeder v. Zykan, Mo.App. 1953, 255 S.W.2d 105, is not as inconsistent with this interpretation of Missouri law as Salmon v. Brookshire, Mo.App.1957, 301 S.W.2d 48, 54 and Walters v. Larson, Mo.App.1954, 270 S.W.2d 112, would indicate, for, as was noted in Kesinger v. Burtrum, Mo.App.1956, 295 S.W.2d 605, 609, the Zykan case involved a void and not voidable contract.

state in which the federal court is sitting. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Sampson v. Channell, 1 Cir., 1940, 110 F.2d 754, 128 A.L.R. 394, certiorari denied, 1940, 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415. This Court must, in other words, view this matter as would the courts of Maine and determine the rule of reference which would be applied by the Maine courts. And even though it has been urged upon us that the Supreme Judicial Court of Maine has not decided the precise conflict of laws issue here presented, nevertheless, when it can be inferred from the decisions of the state court what the local rule is, the responsibility of the federal courts under Erie R. Co. v. Tompkins, supra, is to ascertain and apply it. West v. American Tel. & Tel. Co., 1940, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; Boston Casualty Co. v. Bath Iron Works Corp., 1 Cir., 1943, 136 F.2d 31; Stentor Electric Mfg. Co. v. Klaxon Co., 3 Cir., 1942, 125 F.2d 820, 823-4, certiorari denied, 1942, 316 U.S. 685, 62 S.Ct. 1284, 86 L.Ed. 1757; Yoder v. Nu-Enamel Corp., 8 Cir., 1941, 117 F.2d 488, 489. As was well said in the Yoder case, supra (at page 489) (quoted with approval in the Boston Casualty Co. case, supra, 136 F.2d at page 33): " * * * The responsibility of federal courts, in matters of local law, is not to formulate the legal mind of the state, but merely to ascertain and apply it. Any convincing manifestation of local law having a clear root in judicial conscience and responsibility, whether resting in direct expression or obvious implication and inference, should accordingly be given appropriate heed."

 It is established law in Maine, as elsewhere, that while the law of the forum must determine matters relating to remedy and procedure, matters concerning substantive rights themselves will be determined by a law other than that of the forum. See Alropa Corp. v. Britton, 1936, 135 Me. 41, 44, 188 A. 722; Roads v. Webb, 1898, 91 Me. 406, 412, 40 A. 128; Thompson v. Reed, 1883,

75 Me. 404, 406; Lindsay v. Hill, 1876, 66 Me. 212, 217; 3 Beale, Conflict of Laws (1935 Ed.) § 584.1; Restatement, Conflict of Laws, § 585 (1934). And, although no Maine case has passed on the precise issue, it is elemental that the rules for ascertaining the measure of damages and the elements thereof, whether the action be tort or contract, pertain to the substance of the right, not to the remedy, and are hence matters of substance to be settled by reference, not to the law of the forum, but to the law of the appropriate state. Stentor Electric Mfg. Co. v. Klaxon Co., 3 Cir., 1940, 115 F.2d 268, 275, reversed on other grounds, 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Royal Mail Steam Packet Co. v. Companhia DeNavegaco Lloyd Brasileiro, D.C.E.D.N.Y.1928, 31 F.2d 757, 758; 2 Beale, Conflict of Laws, supra, § 412.1. Consequently, there appears to be no question but what under the conflict of laws rules of Maine, the Maine court would not apply the substantive law of Maine to this case, but would apply the law of either Missouri or New York, whichever is determined to be the appropriate state.

 It has been settled by the Maine court that the right to recover for a tort is to be determined by the law of the place where the wrong was committed. Pringle v. Gibson, 1937, 135 Me. 297, 299, 195 A. 695; Winslow v. Tibbetts, 1932, 131 Me. 318, 320, 162 A. 785. This is also the generally accepted rule, see 2 Beale, Conflict of Laws, supra, § 378.2; Restatement, Conflict of Laws, § 378, one application of which is that the measure of damages for a tort is to be similarly determined, since the elements of recoverable damages relate to the substance of the right of recovery. Hupp Motor Car Corp. v. Wadsworth, 6 Cir., 1940, 113 F.2d 827, 829; see 2 Beale, Conflict of Laws, supra, § 412.2; Restatement, Conflict of Laws, § 412. It seems clear, therefore, that insofar as plaintiff's action is in tort to recover damages for defendant's alleged fraud, the Maine conflict of laws rule would require that the elements of the damages

to which he is entitled be determined by the law of the place of the wrong.

■ It also appears that the Maine conflict of laws rule is in accord with the general rule that matters relating to the performance of a contract are to be determined by the law of the place of its performance. See Carey v. Mackey, 1890, 82 Me. 516, 521, 20 A. 84, 9 L.R.A. 113; Mehan v. Thompson, 1880, 71 Me. 492, 495–496; Restatement, Conflict of Laws, § 358.[2] And since damages in contract flow from a breach of the duty to perform and consequently are a matter pertaining directly to the performance of the contract, insofar as plaintiff's action is in contract for breach of warranty, the appropriate law for determining the recoverable elements of damage would appear to be the law of the place of performance. See 2 Beale, Conflict of Laws, supra, § 413.1; Restatement, Conflict of Laws, § 413. This is also in accord with the prevailing view that the measure of damages for breach of a contract is determined by the law of the place of its performance. Transit Bus Sales v. Kalamazoo Coaches, Inc., 6 Cir., 1944, 145 F.2d 804, 807; Stentor Electric Mfg. Co. v. Klaxon Co., 3 Cir., 1940, 115 F.2d 268, 275; Stolteben v. General Foods Corp., D.C.S.D.N.Y.1948, 79 F.Supp. 228, 238; and see Packard Englewood Motors, Inc., v. Packard Motor Car Co., 3 Cir., 1954, 215 F.2d 503, footnote 8, at page 510.

■ Since the wrong to plaintiff resulting from defendant's alleged fraud was committed in New York and since the contract of purchase was to be performed in New York, this Court is of the opinion that under the conflict of laws rules of Maine the elements of damages recoverable by plaintiff in this action, whether in tort or in contract, are governed by the law of New York. Such a ruling seems to this Court to be in accord both with the better view of the law and with the obvious implications and inferences to be drawn from the decided Maine cases.

Because the law of New York would allow plaintiff to recover the special and consequential damages claimed by him in his complaint, the defendant's motion to strike must be, and it hereby is, denied.

---

2. The Maine court has thus, in accordance with the prevailing view of the law, distinguished such matters from those relating to the validity, force and effect of a contract, which are to be determined by the law of the place where the contract was made, that is, the law of the place of the last act necessary to complete the contract—undoubtedly Missouri here. See, e. g. Boscho, Inc., v. Knowles, 1951, 147 Me. 8, 13, 83 A.2d 122; Emerson Co. v. Proctor, 1903, 97 Me. 360, 364, 54 A. 849; 2 Beale, Conflict of Laws, supra, § 332.4; Restatement, Conflict of Laws, § 332.