Marshall, Ch. J.,
 

 delivered the opinion of the court. —This suit was instituted to recover the freight of a vessel of which the plaintiff was a mortgagee. Upon inspecting the deed, which is the foundation of the action, it appears to have been admitted to record, on the oath of •only two subscribing witnesses. This suggested the preliminary question, whether a deed of mortgage, so recorded, was not absolutely void as to •creditors and subsequent purchasers ? This question depends on the construction of two acts of the legislature of Virginia. The first is entitled ■“ an act for regulating conveyances the 4th section of that act is in these Kfti words, *“ All bargains, sales,”
 
 &c.
 
 The first member of the sentence J relates to lands only ; the second to marriage settlements, wherein either lands or personal estate should be settled; and the third relates to deeds of trust and mortgages. Terms descriptive of personal estate are omitted, but the word “ whatsoever ” would certainly comprehend a mortgage of a personal chattel, as well as of lands, if not restrained by other words manifesting an intent to restrain them.
 

 It is argued, that this intent is clearly manifested. . The whole act relates to real estate, except that part of it which respects marriage settlements. Its title is “ an act concerning conveyances,” and all its provisions are adapted to the conveyance of lands, except in the particular case of marriage settlements ; and in that case, the act provides expressly for recording a settlement of chattels. This act, it is said, contains no “ directions ” for recording a •deed of trust or mortgage for a personal thing, and consequently, such deed cannot be within it.
 

 The fix-st section of the act respects conveyances of lands only, and directs, that they shall be acknowledged or proved by the oath of three witnesses in "the general court, or court of the district, county, city or corporation in which the lands lie. The second respects marriage settlements, and directs, that if lands be conveyed or covenanted to be conveyed, they shall be proved and recorded in the same manner as had been prescribed in the first section; but if only slaves, money or other personal thing be settled, the deed is to be proved and recorded before the court of the district, county, or corporation in which the party dwells, or as afterwards directed. The third section relates only to the proving and recording of lively of seisin. Then follows the fourth section, which requires, among other enumerated conveyances, that “ all deeds of trust and mortgages whatsoever” shall be void as to creditors and subsequent purchasers, if not acknowledged or proved, and recorded ^ , “according to the directions *of the act.” There being no “diree- -■ tions ” which are applied to mortgages, unless lands be conveyed in them, it has been argued, that such mortgages only as convey lands are •comprehended within the act.
 

 The act, it must be acknowledged, is very obscurely penned, in this particular respect, and there is so much strength in the argument for confining it to mortgages of lands, that, if a mortgage of a personal chattel could be brought within the provisions of any other act, the court would be disposed to adopt the construction contended for,
 

 
 *95
 
 The plaintiff insists, that such a mortgage is comprehended in the 2d section of the “ act to prevent frauds and perjuries.” That act avoids fraudulent conveyances; and declares, that deeds, of personal chattels, not upon a valuable consideration, where the possession remains with the donor ; or a reservation of interest in the donor, where possession passes to the donee, ■shall be fraudulent and void, unless proved and recorded according to the directions of the act. A mortgage made on a valuable consideration would be very clearly excluded from the 2d section, although the act contained nothing further on the subject. But to remove the possibility of doubt, the 3d section declares, that the act shall not extend to any conveyance made upon good consideration and
 
 bond fide"
 
 The meaning of the word '“good,” in the statute of frauds, is settled to be the same with “valuable.”
 

 It is, therefore, perfectly clear, that the case is altogether omitted, or is provided for in the act concerning conveyances. In a country where mortgages of a particular kind of personal property, are frequent, it can scarcely be supposed that no provision would be made for so important and interest- ■ ing a subject. The inconvenience resulting from the total want of such a provision would certainly be great ; and the court, therefore, ought not to ■suppose the case to be entirely omitted, if there be any legislative act which may fairly be construed *to comprehend it. The act concerning con- _ veyances, although not penned with that clearness which is to be *- wished, does yet contain terms which are sufficient to embrace the case, and the best judicial opinions of that state concur in this exposition of it.
 

 Although the point was not directly decided in the case of
 
 Hill
 
 v.
 
 Claiborne,
 
 the court of appeals appear to have proceeded on this construction; and Judge Tucker, in discussing this subject, avows the same opinion.
 

 Upon a consideration of the acts on this subject, Butts being a creditor, it is the opinion of the court, that the deed of mortgage, in the proceedings mentioned, was void as to him.
 

 The counsel for the plaintiff contends, that, although the mortgage deed be void, yet Hodgson is entitled to recover, because he has paid money to ■the order of Butts, under the mistaken opinion that he was entitled to the freight. This allegation is not made out, in point of fact. Hodgson was in possession of the vessel, as the absolute purchaser, before he paid for the disbursements he is now endeavoring to recover. It does not appear, that he paid these disbursements, in the confidence of receiving the freight, or that he was not compellable to pay them, as owner of the vessel. The freight had previously been applied by Butts, under the authority of the Hamiltons, to the payment of a debt due to himself. He had a right, as a general creditor, to retain that freight, as against the original owners, or their assignee.
 

 The court is of opinion, that the judgment of the circuit court is to be affirmed, with costs.