Parker, C. J.
Whether the mortgagee of a ship, not in possession, can be held answerable for repairs done upon her while his title continued, seems not to be settled in England. The Common Pleas, in the case of Jackson vs. Vernon, distinctly negative this responsibility, but in the King’s Bench, although no contrary decision has taken place, yet a very strong opinion is expressed by Lord Kenyon in favor of such liability. And Abbot, in his Treatise on Shipping, considers the point not settled ; but plainly coincides with Lord Kenyon in opinion.
* With us the question has not been distinctly raised. But, as it is laid down, in the case of the Portland Bank vs. Stubbs, that a mortgage of a chattel is not valid without possession by the mortgagee, it may well be doubted whether a mortgagee, who might have taken possession, but never has, can be considered an owner, to any purpose whatever, (a) In such case, the mechanic, who works upon the ship, may sue the mortgagor, and attach the ship as his, notwithstanding the mortgage; and there is no necessity for him to resort to the mortgagee as owner.
But the case before us does not seem to depend on this unsettled *427 question; for the defendants, under the circumstances proved, ought to be considered as absolute owners, not as mortgagees of the vessel. They took an absolute bill of sale; and, having represented her as their property in the custom-house, took out a new certificate of enrolment in their own names ; and, further to give the appearance of ownership to themselves, they caused the name of the place of residence of the former owners to be erased from the stern, and Boston, the place of their own residence, to be substituted.
It is true, they had given the Porters a written contract, obliging themselves to reconvey the vessel on performance of certain things by the Porters. This might, perhaps, as between the parties, have operated to make the conveyance of the vessel a mere security ; but as to all the world besides, the transaction had the appearance of an unconditional sale. For the contract was known only between them, and it was probably intended that the defendants should assert themselves to be the owners of the vessel unconditionally, whenever the creditors of the Porters should find it necessary to resort to it as their property.
The defendants, having voluntarily placed themselves in this condition, must submit to the consequences of it. A tradesman, who intended to work on the credit of the owners of the vessel, would have no means of conjecturing any one to be owner, but him in whose name the vessel was * enrolled; and this fact, together with the alteration on the stern, would give a better indication of the ownership than actual possession of the vessel. For, in almost all cases, those who own are not those who are employed about the vessel.
The application to the clerk of the Porters by the plaintiff, and his receiving part of his pay from the master of the vessel, do not tend to show that he credited any but the vessel and her owners; for the Porters apparently acted as agents, and the master was in fact the agent of the owners, (a)

Judgment on the verdict.

 Sed vide Holmes & Al. vs. Crane, 2 Pick. 607.— Wheeler vs. Train, 3 Pick. 255. — Gould vs. Ward, 4 Pick. 104.— Ward vs. Gould, 5 Pick. 291.— Gardner vs. Howland Tr. 2 Pick. 599.— Butterfield vs. Baker, 5 Pick. 522.— Flagg vs. Dryden, 7 Pick. 52. — Shumway vs. Rutter, 7 Pick 56.

 Vide Dame vs. Hadlock, 4 Pick. 458. — Perry vs. Osborne, 5 Pick. 422.— Cox vs. Reed, 1 C. & P. 602. — M'lver vs. Humble, 16 East, 169.—James vs. Bixby, 11 Mass. Rep. 34.— Phillips vs. Ledley, 1 Wash. Cir. C. R. 226. — Mulden vs. Whitlock, 1 Cow. 290. —Leonard vs. Huntington, 15 Johns. 298. — Thorn vs. Hicks, 7 Cowen, 697.— Champlin vs. Butler, 18 Johns. 169.—M'Intire vs. Scott, 8 Johns. 159.— Hodgson vs. Butts, 3 Cranch, 140.—Jackson vs. Vernon, 1 Hen. P. & C. 114.— In Jennings vs. Griffiths, Ry. & M. 43, Lord C. J. Abbott, said, “ Soon after the passing of the Registry acts, the leaning, of the courts of law, in the construction of them, was to say that the registered owners of ships should, at all events, he liable for repairs. But the subject having become more accurately understood, a better and more correct principle now prevails ; and the recent cases have decided that the true question in matters of this description is — Upon whose credit was the work done? That question would, in most cases, be decided by the fact of legal ownership, the repairs being general y done for the legal owner But it may so happen that the name of the *428 person may be retained on the registry after he has ceased to be beneficially interested in the ship, or to interfere with its concerns.” — And, in Harrington vs. Frye, 2 Bingk. 179, Best, C. J. said, “ A man can only be charged in respect of property in a ship either upon credit given to him as legal owner, or as having holden himself out as legal owner.”