Caldwell, J.
It will be seen, by reference to the statute, that the punishment provided by the 24th section of the act for the punishment'of crimes, for maliciously shooting at one with intent to kill, under which the two first counts are framed, and which the evidence appears to have applied to, is confinement in the penitentiary from one to twenty years. The punishment, under the 17th section of the statute, for assault with intent to murder, on which the third count is framed, is confinement in the. penitentiary from three to seven years. So that under the two first counts the court could sentence the prisoner to one year’s confinement in the penitentiary; whereas, under the third count, they could not sentence him for less than three years. We think the court erred in charging the jury that if they found the defendant guilty on the first two counts, they might find a verdict of guilty on the third, and that they con *145 summated this error by changing the verdict from guilty on the two first counts, to a verdict of guilty generally. The minimum punishment, as the jury returned the verdict, was one year; as the court entered it, it was three years. It is true, the offenses are of a kindred character, and in several particulars', similar. As the shooting, under the 24th section, is required to. be done maliciously; when the intent is to kill, as is here charged, if life were actually taken, it would be murder; just as an assault with intent to murder would be, were it to result in taking, life. It is true they are both assaults. But the legislature has-made a distinction between these two assaults, and has affixed different punishments, and they cannot be blended.
In the 24th section, no doubt on account of the dangerous character of the weapon used, they have fixed a much higher-punishment as the maximum than is provided in the 17 th section ; but as a number of other acts of a less grave character-are provided for in the 24th section, they have fixed the minimum less than in the 17th section.
It is contended, however, that the first two counts are good-counts under the 17th section of the statute — containing all the terms that are necessary to set forth the crime of assault with, intent to murder.
If that were true it would not help the cause on the part of the-state. As no exception has been taken to the first two counts,, on the ground of duplicity, we have not thought it necessary to decide whether they are double or not. They clearly contain a charge under the 24th section of the statute for shooting with intent to kill, and if they are also counts under the 17th section for assault with intent to murder, they are then bad for duplicity. And under the finding of the jury, as returned, the defendant would have had a right to have the judgment arrested ; which he could not do after the court had changed the verdict to one of guilty generally — the third and fourth counts not being objectionable on that ground. If the jury found that the defendant had maliciously shot at George Lewis with intent to *146 kill, it would warrant them in returning a verdict of guilty on the two first counts of the indictment; but would not be sufficient to warrant in a finding of guilty on the third count.
We think the court of common pleas erred in their charge to the jury, and in changing the verdict to correspond with the charge. The judgment will therefore be reversed.