LOT M. MORRILL *versus* JOSEPH H. SANFORD.
SAME *versus* DANIEL BUNKER.

A mortgage of personal property, executed by two or more persons residing in
different towns in this State, is invalid as against other persons than the par-
ties thereto, unless it is recorded in every town in which any of the mortga-
gers reside, or possession of the mortgaged property is taken and retained by
the mortgagee.

ON REPORT.

THESE were actions of TROVER. The facts are stated in
the opinion.

*J. M. Meserve*, for plaintiff.

It was not necessary that the mortgage should be recorded
at Norridgewock. The statute only requires a record of it
in one town, i. e., "the town where the mortgager resides."

A record of the mortgage in the town in which either
mortgager resides, is a full compliance with the statute.

The object of the statute being to give notice to the pub-
lic of any incumbrance upon the property, a third party pur-
chasing, knowing there were two owners residing in differ-
ent towns, would examine the records of both towns in order
to ascertain whether there were incumbrances upon it.

Ordinary diligence would oblige him to do this.

The statute requires the record to be in the town where
the mortgager resides, but does not require a record in more
than one place; and any party having occasion to inquire
would know that a mortgage given by two owners who were
partners, living in different towns, might be recorded in
either place, according as it might be made by one or the
other partner.

*Coburn & Wyman*, for the defendants.

The opinion of the Court was drawn up by

MAY, J. — The plaintiff claims title to the property in
question, under a mortgage from Pinkham & Blunt to him,

dated April 8th, 1857. The mortgagers were co-partners and stage owners, and were engaged in running stages on several lines. Pinkham resided in Augusta, where the mortgage in behalf of said firm was executed by him; and Blunt, at Norridgewock, where most of the partnership business was transacted by him.

The defendant Sanford claims the mare and colt, for which the action is brought, through a sale made by Blunt, and the defendant Bunker justifies the taking of the property by his deputy, for which he is sued, as having been rightfully attached and sold, as the property of said Pinkham & Blunt, upon an execution against them in favor of one Farrington. The sale of the mare which has since borne the colt, and the attachment of the other property, were since the registration of the mortgage, which appears to have been recorded only in the city of Augusta. The possession of the mortgaged property was not delivered to and retained by the mortgagee. It is contended, therefore, in defence, that the mortgage, under the R. S. of 1841, c. 125, § 32, which were in force at the time of its execution, is invalid as against the defendants, who were not parties thereto, because it was not recorded in Norridgewock as well as in Augusta.

The question is a novel one, and depends upon the construction of the statute. The statute, where the possession of the property is not taken and retained by the mortgagee, requires that the mortgage, to be valid against persons other than the parties thereto, "shall be recorded by the clerk of the town where the mortgager resides." The purpose of such registry is to give notice to the creditors of the mortgager, and to subsequent purchasers of the mortgaged property, so that they "may know the kind, the situation and value thereof, when the goods are suffered to remain with the mortgager, and to be treated as his own." *Sawyer* v. *Pennell*, 19 Maine, 167. Before this statute, such notice was left to be inferred from the delivery of the property, and retaining its possession. The statute was designed, in

the absence of such delivery and possession, to give at least equal and perhaps greater notoriety by means of the record. The record is deemed to be a substitute for such delivery and possession. *Bullock* v. *Williams & al.*, 16 Pick., 23 ; *Smith* v. *Smith*, 24 Maine, 555.   To have such effect, however, it must appear to have been made as the statute requires.

Where there are several mortgagers, it does not follow, because the actual possession of the property by one of them is the possession of all, that, therefore, the registry of the mortgage in a town where only one of them resides, is sufficient.  The statute must receive such a construction, within the fair meaning of its words, as will best secure the notice it is designed to give.   Where notice is derived from possession, the creditor or subsequent purchaser obtains his knowledge at the place where the property is.   The attachment or purchase of it, therefore, must be made with the evidence of notice in full view, while the record of a mortgage gives no evidence or notice of its contents, except to him who sees or reads it.   Partners too, often, as in the present case, reside in different towns, and away from their principal place of business.   To hold, therefore, that the recording of a mortgage made by partners or other persons so situated, in a town where one of them resides, and perhaps at a distance from the property and their principal place of business, is the notice required by which creditors and subsequent purchasers are to be bound, would be to defeat the very end which the statute was designed to effect. We think, when a creditor or a stranger finds property in the use and possession of one of two or more mortgagers, residing in different towns, and, on searching the records of the town where the party in possession resides, finds no mortgage of it noted or registered upon the books, he is well justified in concluding that no such mortgage exists. Under such circumstances, it would be manifestly unjust, that an attachment or purchase made by such creditor or stranger should be held to be void and of no effect.

For the purposes of justice, therefore, as well as to give effect to the design of the Legislature, the words "mortgagee" and "mortgager," as used in the statute, must be regarded as including the plural as well as the singular number. This construction is allowable under the statute relating to the publication and construction of statutes. R. S. of 1841, c. 1, § 3, ¶ 2. To b'e effectual, therefore, as against other persons than the parties thereto, a mortgage of personal property, when executed by two or more parties residing in different towns within this State, must, under the statutes of 1841, c. 125, § 32, as well as under the statutes of 1857, c. 91, § 1, in which the same provision is contained, have been recorded in each town where any one of the mortgagers resides. No other construction can effectually give the notice intended by the statute, or remedy the evils which it is intended to prevent.

The conclusion to which we have arrived on this point renders it unnecessary to consider the other points which have been urged in defence. The result is that the plaintiff must become nonsuit in both suits. *Plaintiff nonsuit.*

TENNEY, C. J., RICE, GOODENOW, DAVIS and KENT, JJ., concurred.