JOSEPH TARDIFF

*vs.*

M-A-C PLAN OF NE

Androscoggin.   Opinion, June 27, 1949.

*Israel Alpren, Harris M. Isaacson, Irving Friedman,*
for plaintiff.

*John Mahon, Nathan W. Thompson,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, JJ.

MURCHIE, C. J.   The sole issue raised by the defendant's exceptions in this case involves the propriety of a decision by a Justice of the Superior Court, to whom it was submitted on the Agreed Statement of Facts presented here, that:

> "the recording of an unsigned copy of a conditional sale agreement is not a recording of the agreement"

within the meaning of R. S., 1944, Chap. 106, Sec. 8.   It is stipulated expressly in the Agreed Statement that if the recording disclosed therein "was not valid between the parties" to the action, neither of whom was a party to the instrument, i.e. if the plaintiff was not chargeable with constructive notice of it, judgment should be rendered for the plaintiff for $680, without costs.   Such was the award.

The case involves two sales of an automobile.   The first occurred on August 3, 1946, when the conditional sale agreement involved in the decision, hereafter called the "Agreement," was executed between the vendor, therein and hereafter called the "Dealer," and the vendee, therein and hereafter called the "Purchaser."   It was a form of considerable length universally used in the trade, according to the Agreed Statement, which was neither intended for record nor recorded.   The second was on October 4, 1946, when the plaintiff acquired the automobile from the Purchaser as a purchaser for value.   In the interval the Dealer had assigned the Agreement to the defendant and the defendant had caused two condensed, or summarized, or "Short Form," copies of it to be prepared, setting forth all the essential terms of the Agreement, including the provision that title to the automobile should remain in the Dealer until the purchase price was paid in full.   One of these was forwarded to

the Purchaser for his signature, signed, and returned. That copy was never recorded. The other was completed by the defendant, by having the name of the Purchaser typewritten on the signature line, and forwarded to the municipality where the Purchaser resided on August 3, and continued to reside, for record. This, undoubtedly, was intended to provide the Dealer and his assigns with the protection afforded by the statute, but the copy was never signed by the Purchaser, as was noted on the records of the municipality where it was received for record on August 23, 1946. While it has no bearing on the issue, it should be noted, perhaps, that the surname of the Purchaser was misspelled in the typing of it.

On December 12, 1946, the defendant made written demand on the plaintiff for $704.86, being the unpaid part of the purchase price under the Agreement, advising him of the Agreement and asserting that it was recorded. Plaintiff paid the sum demanded and later secured an insurance rebate of $24.86. When the original documents were delivered to him, he discovered the facts relative to the record and demanded the refund of the balance of $680. His claim therefor being rejected, the present action was commenced.

The rights of the parties are controlled by R. S., 1944, Chap. 106, Sec. 8, which provides that no agreement that personal property sold and delivered shall remain the property of the seller shall be valid unless:

"in writing and signed by the person to be bound"
and that, although so written and signed, it shall not be valid:

"except as between the original parties thereto unless it is recorded"
in the town where the party to be bound resides.

The requirement of record for instruments intended to control the title to chattels has been a part of our law since P. L., 1839, Chap. 390 imposed it with reference to per-

sonal property mortgages securing amounts in excess of $30. P. L., 1870, Chap. 143 made that law, as contained in R. S., 1857, Chap. 91, Sec. 1, applicable to conditional sales. Prior to the time when the statute stated that where there was more than one mortgagor the requirement contemplated a record in each town where any mortgagor resided, the court had placed that construction on it. *Rich* v. *Roberts,* 48 Me. 548; *Morrill* v. *Sanford,* 49 Me. 566. It has been declared also in decided cases that the burden of establishing that a personal property mortgage, or a conditional sale agreement, encumbers, or controls, the title of the property involved rests upon the party relying on it, *Horton* v. *Wright,* 113 Me. 439; 94 A. 883, and that nothing less than full compliance with all statutory requirements will satisfy that burden. *Gould* v. *Huff,* 130 Me. 226; 154 A. 574.

The instant case presents an agreement "in writing and signed" by a single "person to be bound," which satisfies the requirements of the statute as far as the original parties to it are concerned, but although the signature of that party was affixed to two writings setting forth that the title had been retained by the Dealer, it is stipulated expressly that neither was presented to any recording official for record, or recorded, and that what was so presented, and spread upon the records, was not "signed by the person to be bound."

Such facts present an issue that is of novel impression in this jurisdiction, but has been decided in other courts. Decisions in adjudicated cases, cited *infra,* justify the statement made with reference to it in 23 R. C. L. 226, Sec. 88, substantially repeated in 48 Am. Jur. 487, Sec. 118, that where an instrument:

> "as it appears on the record, contains defects which would render it void, if they existed in the original * * * (it) is treated as not recorded, whether the defect is apparent on the face of the record or not."

Both texts state this to be the rule:

> "although there are no such defects in the
> original"

but that situation is not presented in the instant case, where the lack of signature, if it is a defect, is a defect of the instrument presented for record, and the record so states.

Cases in which the record of a defective instrument has been declared insufficient to provide constructive notice that would bind a bona fide purchaser of the property to which it relates are *Hodgson* v. *Butts,* 3 Cranch 140; 7 U. S. 140; 2 L. Ed. 391; 2 S. Ct. 391; *Heister* v. *Fortner,* 2 Binn. (Pa.) 40; 4 Am. Dec. 417; *Carter* v. *Champion,* 8 Conn. 549; 21 Am. Dec. 695; *Sawyer* v. *Adams,* 8 Vt. 172; 30 Am. Dec. 459; *Herndon* v. *Kimball,* 7 Ga. 432; 50 Am. Dec. 406; *Shepherd* v. *Burkhalter,* 13 Ga. 443; 58 Am. Dec. 523; *Pringle* v. *Dunn,* 37 Wis. 449; 19 Am. Rep. 772. See also, *Churchill* v. *Demerritt,* 71 N. H. 110; 51 A. 254, and *General Motors Acceptance Corp.* v. *Brackett & Shaw Co.,* 84 (N. H.) 348; 150 A. 739; 70 A. L. R. 591.

In *Pringle* v. *Dunn, supra,* the court declares it to be a familiar rule:

> "that an instrument must be properly executed
> and acknowledged so as to entitle it to record, in
> order to * * * operate as constructive notice to a
> subsequent purchaser."

As authority for that statement Mr. Justice Story is cited and quoted (1 Eq. Jur., Sec. 404), with several cases, including *Heister* v. *Fortner, supra.* To the same effect is the declaration of the Connecticut Court in *Carter* v. *Champion, supra,* which dealt with a deed to realty. The statement there was that the deed to be recorded under the statute was that:

> "spoken of in the statute,"

wherein it was said that a deed was not valid unless written, subscribed, witnessed, and acknowledged, as that un-

der consideration was not. Under our statute the instrument to be recorded, to give such a party as the Dealer, in the instant case, or his assignee, the benefit of the protection it affords, is one "signed by the person to be bound." That presented for record, and recorded, was unsigned. The lack of a signature is as outstanding a defect as the omission of any one formality could be. That a duplicate of the unsigned instrument presented for record had been "signed by the person to be bound" cannot benefit the defendant. Its sole reliance under the statute must be on the one submitted to the recording officer for record. That was not entitled to record. The action of the recording officer in spreading it upon the record was a nullity.

*Exceptions overruled.*