**CHURCH BUDGET ENVELOPE CO. et., Appellants, v. CORNELL, Admr., Bureau of Unemployment Compensation, Appellee.**

Common Pleas Court, Franklin County.

No. 188130. Decided April 28, 1954.

Frank J. Collopy, Columbus, for appellant.

C. William O'Neill, Atty. Genl., John Hardwick, Asst. Atty. Genl., Columbus, for appellees.

**OPINION**

By CLIFFORD, J.

This is an appeal from the decision of Ernest Cornell, Administrator of the Ohio Bureau of Unemployment Compensation, entered July 20, 1953. The pertinent part of the Administrator's decision reads:

"Since a partnership is not a legal entity separate and distinct from the individuals who constitute it, and, since the Budget Press and the Church Budget Envelope Company are owned and operated by the same individuals the Administrator finds that under the Ohio Unemployment Compensation Act the two partnerships would be deemed one employer and therefore entitled to one rate in determining the contributions due."

There is no dispute on the facts which are as follows:

The facts show that prior to December 3, 1948, these two partnerships were composed of **different members.** Subsequent to the death of John T. Burns, a partner in both the Budget Press and the Church Budget Envelope Company, on December 3, 1948, two new partnerships were created composed of **common members.**

The proportion of ownership in each partnership is as follows:

| | | |
|---|---|---|
| James A. Pidgeon, Sr. | 35% | 50% |
| James A. Pidgeon, Jr. | 31½% | 24% |
| Joseph A. Pidgeon | 31½% | 24% |
| Lois E. Pidgeon | 2% | 2% |

These two partnerships are located in the same building, have the same address, have the same telephone number and have the same management. Both firms are engaged in the printing business.

After the creation of the two new partnerships in December 1948, each partnership was given a separate employer account number by the Bureau of Unemployment Compensation and the two partnerships have had separate accounts.

On May 7, 1953 the two partnerships were advised by the Bureau of Unemployment Compensation that the accounts had been combined and that in the future they would be required to report as a single employer. This new determination of liability and merit rate has been protested by both the Budget Press and the Church Budget Envelope Company.

The only question involved is whether one legal entity exists or two separate legal entities exist under the provisions of the unemployment compensation act.

Sec. 4141.01(A) R. C. (§1345-1-b-[1] GC), so much as is applicable, provides:

" 'Employer' means any individual or type of organization including any partnership, association, trust, estate, joint stock company, insurance company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee, or the successor thereof, or the legal representative of a deceased person who subsequent to December 31, 1936, had in employment three or more individuals at any one time within a calendar year; * * * All individuals performing service for an employer of any person in this state, who maintains two or more establishments within this state, shall be deemed to be employed by a single employer for the purpose of the unemployment compensation act."

Sec. 4141-24 R. C. (§1345-4-[C]-[1]-A GC), so much as is applicable, provides

"The administrator of the bureau of unemployment compensation shall maintain a separate account for each employer and shall credit such employer's account with all contributions which he has paid on his own behalf; * * *"

The administrator's legal conclusion, that under the provisions of the above quoted statutes the two partnerships herein involved "would be deemed one employer and therefore entitled to one rate in determining the contributions due," seems to us to be a proper legal conclusion. **Byers v. Schlupe et al, 51 Oh St 300,** 38 N. E. 117; DuPont de Nemours Powder Co. v. Jones Bros., 200 Fed. 638, 200 F. R. 638; **Vrabel v. Acri, 156 Oh St 467,** 103 N. E. 564; **Jamison v. Stout, 28 O. O. 502,** 14 Ohio Sup. 71; **The Eiber Realty v. Administrator of the Bureau of Unemployment Compensation of Ohio, 84 Oh Ap 532,** 82 N. E 2d 565, 22 A. L. R. 2d at page 686. We find in 48 American Jurisprudence, page 531, Section 26 the following pronouncements of law:

"Control or Ownership by Same Interests—The principal problem of construction in connection with these affiliated or common control clauses is the determination of whether one employing unit owns or controls another, or whether two or more employing units are owned or controlled by the same interests so as to come within the purview of the clauses. The words 'control' and 'ownership' in the acts, it is held, are to be given their normal and common meaning. The acts regard corporate organization objectively and realistically, and deal with substance rather than form; if there is a sub-

stantial unification of two or more enterprises, controlled by the same individuals, the enterprises are to be taxed under the acts as a single, employing unit. If the employing unit is a corporation, the test of ownership or control will be, it is said, who holds title to the corporate stock, although in some instances the decision apparently is based, in part at least, on proof of joint control in addition to the common ownership of stock. **If the employing unit is a partnership or other business, the test will be who holds title to the property; there must be a community of interest in the employing unit."** (Emphasis ours.)

Said pronouncements of law are supported by 142 A. L. R. 918 et seq.; also, see 158 A. L. R. p. 1242 et seq.

The Court finds that the decision of the Administrator of the Ohio Bureau of Unemployment Compensation is supported by reliable, probative and substantial evidence and is in accordance with law. The order of the Administrator is affirmed.